**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHARLES HAWKINS,

                                    Petitioner,

             - v -                                    Civ. No. 9:03-CV-1466
                                                                     (TJM/RFT)

GARY GREENE, *Superintendent*

                                  Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

CHARLES HAWKINS
Petitioner, *Pro Se*
Last Known Address
97-B-1895
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ANDREW CUOMO                        GERALD J. ROCK, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    *Pro se* Petitioner Charles Hawkins pleaded guilty to two counts of robbery in the first degree and was sentenced to an indeterminate period of four to eight years incarceration on August 25, 1997. Dkt. No. 6, Resp't Answer, Ex. F, Sentence and Commitment Form. Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241(c)(3) on the ground that the Department of Correctional Services ("DOCS") improperly denied his eligibility for conditional release in violation

of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Dkt. No. 1, Pet. For the reasons that follow, it is recommended that the Petition be **DENIED.**

## I. BACKGROUND

Initially, the maximum expiration date on Petitioner's sentence was set as December 18, 2004, and his parole eligibility date as December 18, 2000.[1]  As a result of numerous disciplinary actions, including a recommended loss of good time (Resp't Answer, Ex. B, Pet'r Disciplinary Record), the Time Allowance Committee (TAC) withheld eighteen months of good time credit. Pet., Ex. B. The TAC stated in its decision that Petitioner could seek reconsideration of its decision after completing Aggression Replacement Therapy (ART) and Alcohol and Substance Abuse Treatment (ASAT). *Id*. The TAC later withheld an additional fourteen months of good time credit for disciplinary reasons, modifying Petitioner's conditional release date to December 18, 2004. Pet., Ex. C.

Petitioner avers that he completed the ART, and intended to complete the ASAT, but was denied access to the program. Pet. at p. 3. On November 18, 2003, while still in custody, Petitioner filed this *Habeas* Petition under 28 U.S.C. § 2241(c)(3), challenging his continued incarceration.[2] According to information from DOCS, Petitioner served the entirety of his sentence and was released from custody on December 17, 2004. Thus, the threshold question for this Court is whether Petitioner's claim is now moot. For the following reasons, we conclude that it is.

---

[1] Information available at the New York State Department of Correctional Services website, http://nydocslookup.docs.state.ny.us.

[2] There is a question as to whether Petitioner properly presented this issue to the state before bringing this Federal Petition, however, because we find his Petition moot, we do not reach that question.

## II. Discussion

This Court does not have jurisdiction over any matter that does not constitute a "case or controversy" under Article III, Section 2 of the United States Constitution. To satisfy this requirement, a *habeas* petitioner "must have suffered, or be threatened with, an actual injury" throughout the entirety of the litigation. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998), (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). *Habeas* petitioners no longer in custody must demonstrate that they suffer from a "concrete and continuing injury," or a "collateral consequence" of the alleged violation. *Id*. (citing *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968)).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists. *Id.* at 8. In this case, Petitioner only challenges the constitutional validity of the TAC's revocation of his good time credits, not his underlying conviction. Because no presumption applies, Petitioner must prove the existence of a concrete and continuing injury resulting from the alleged constitutional violation. *Id*. at 7.

Petitioner does not meet this burden on the record before us. We cannot envision any lasting collateral consequences that could result from the revocation of good time credits. Indeed, the consequences arising out of the disciplinary revocation of good time are even less continuing and concrete than those rejected by the Supreme Court in *Spencer*, which were predicated upon an allegedly unconstitutional parole revocation. *See*, *id.*; *McDay v. Goord*, 2005 WL 2614958 at *2 (W.D.N.Y. Oct. 13, 2005 (Bianchini, M.J.)) (citing *Spencer v. Kemna* for the proposition that disciplinary actions that might be used in a future parole or other criminal proceeding, or to impeach a petitioner called as a witness or litigant in a future criminal or civil

proceeding, do not constitute "collateral consequences" satisfying the "case or controversy" standard). We must therefore recommend dismissal of this Petition as moot.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  June 21, 2007
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge